# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

KEVIN E. LAMBERT,

      Plaintiff,

v.           CIVIL ACTION NO. 5:17-cv-01189

R. E. HALL,

      Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendant R.E. Hall's Motion to Dismiss Plaintiff's Complaint in Lieu of Answer* (Document 4), the *Defendant's Memorandum of Law in Support of His Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)* (Document 5), *Plaintiff Kevin E. Lambert's Response to Defendant R.E. Hall's Motion to Dismiss Plaintiff's Complaint in Lieu of Answer* (Document 7), and the *Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss* (Document 8). The Court has also reviewed the Plaintiff's *Complaint* (Document 1). For the reasons stated herein, the Court finds that the motion to dismiss should be granted in part and denied in part.

## FACTUAL ALLEGATIONS[1]

The Plaintiff, Kevin Lambert, alleges that Defendant R.E. Hall, a Raleigh County Sheriff's Deputy, violated his constitutional and common law rights by "provid[ing] inaccurate and false

---

[1] Both parties attached exhibits to their briefs on this motion to dismiss. The Court finds that the police report is not a document integral to the complaint, and cannot properly be reviewed on a motion to dismiss. Public records, such as the indictment, may be considered, and the Court has considered those exhibits.

information causing the indictment and arrest of Plaintiff." (Compl. at ¶ 7.) The Plaintiff asserts that, while investigating a crime on or about May 11, 2015, Mr. Hall identified Kevin Emory Lambert as a suspect. The Kevin Lambert identified as a suspect had a twenty-seven (27) year old son named Justin Keith Lambert. The Plaintiff is not related to or acquainted with Justin Keith Lambert, was not in Raleigh County at the time of the crime, and resided in Franklin County, Virginia, at the time. However, Mr. Hall provided false information to the Raleigh County Grand Jury that led to the Plaintiff's indictment. The Plaintiff asserts that Mr. Hall's report and allegations were "clearly unjustified in light of the circumstances existing at the time of the report," and that Mr. Hall "took no actions to avoid the false report and resulting indictment, arraignment and arrest of Plaintiff Kevin E. Lambert." (Compl. at ¶¶ 27–28)

The Plaintiff voluntarily appeared for arraignment on February 5, 2016, and was arrested. He borrowed money in order to post bond of $750 and return home to his two young sons, of whom he has sole custody. The charges against him were dismissed with prejudice on June 13, 2016. He alleges that he experienced severe emotional distress until the charges were dismissed. The Plaintiff asserts civil rights violation, violations of 42 U.S.C. §1983, violation of his Fourth Amendment rights, and false arrest in Count One, and intentional infliction of emotional distress in Count Two.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil

Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff

3

has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

**DISCUSSION**

The Defendant argues that the complaint should be dismissed because he is entitled to qualified immunity and because the Plaintiff's complaint does not allege sufficient facts to support the legal claims.[2] The Defendant asserts that he and other officers took reasonable measures to identify the suspect, and that other officers were primarily responsible for decisions that led to the mistaken identification. The Defendant avers that the Plaintiff previously settled a claim against the West Virginia State Police and the officer who bore primary responsibility for the identification. The Defendant argues that he is entitled to qualified immunity because he was performing discretionary duties within the scope of his employment as a deputy. He further argues that he is entitled to statutory immunity as to the state common-law intentional infliction of emotional distress claim.

The Plaintiff argues that "the Defendant is not entitled to qualified immunity because his conduct violated clearly established laws and rights and his conduct was fraudulent, malicious and oppressive." (Resp. at 2.) He argues that the factual issues surrounding the Defendant's role in the Plaintiff's identification and arrest cannot properly be resolved in a motion to dismiss. The

---

2 The Defendant's brief includes factual arguments based on the police report, which the Court has declined to consider. The Court will not consider arguments based on facts not asserted in the complaint.

Plaintiff asserts that discovery is necessary because he lacks access to the evidence, such that he cannot verify the Defendant's version of the facts contained in the Defendant's motion to dismiss.

### A. Count One

Qualified immunity is an affirmative defense intended to shield public officials from civil suits arising out of their performance of job-related duties. *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Defendants asserting a qualified immunity defense first bear the burden of "demonstrating that the conduct of which the plaintiff complains falls within the scope of the defendant's duties." *In re Allen*, 106 F.3d 582, 594 (4th Cir. 1997) (internal quotation marks omitted.) The defense of qualified immunity is available unless the official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff…." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (internal emphases omitted). Officials are protected even if they make reasonable mistakes of fact or law, so long as they do not violate a clearly established statutory or constitutional right. *Pearson*, 555 U.S. at 231–32. "A constitutional right is 'clearly established' when its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) (internal quotation marks and citations omitted).

Courts are advised to "ask first whether a constitutional violation occurred and second whether the right violated was clearly established."[3] *Id.* The reasonableness analysis is objective.

---

3 "Courts are 'permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" *Smith v. Ray,* 781 F.3d 95, 106, fn 3 (4th Cir. 2015) (citing *Pearson v. Callahan,* 555 U.S. 223, 236 (2009)).

Courts must "examine[] only the actions at issue and measure[] them against what a reasonable police officer would do under the circumstances," but the inquiry "must be filtered through the lens of the officer's perceptions at the time of the incident." *Rowland v. Perry*, 41 F.3d 167, 172-73 (4th Cir. 1994). "[T]he officer's subjective state of mind is not relevant to the qualified immunity inquiry but his perceptions of the objective facts of the incident in question are." *Id.* at 173.

The Plaintiff alleges that the Defendant presented false information to obtain an indictment against him, simply based on the similarity between his name and the name of a suspect, without taking measures to ensure the accuracy of the information presented to the grand jury. The Fourth Circuit has considered qualified immunity in cases of mistaken identity. The first inquiry, into whether the alleged facts show that the officer violated a constitutional right, turns on whether the arrest was supported by probable cause. *Miller v. Prince George's Cty., MD*, 475 F.3d 621, 627–28 (4th Cir. 2007). A plaintiff alleging that a warrant affidavit is deficient because it is dishonest must prove that the officer "deliberately or with a reckless disregard for the truth made material false statements in [the] affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Id.* at 627 (internal quotation marks and citations omitted).

In *Miller,* the Fourth Circuit found that an officer was not entitled to summary judgment on his qualified immunity claim for violation of the plaintiff's Fourth Amendment rights. A victim reported a burglary, along with a neighbor's description of the perpetrator as a young white man in a green Jeep, and named Daniel Miller as an individual fitting the neighbor's description. The victim also provided the address of Daniel Miller's sister, with whom he sometimes lived.

The officer recovered the stolen property at Daniel Miller's sister's home, but did not ask the sister about his whereabouts. He conducted a computer search for Daniel Miller, which returned multiple results. The officer narrowed in on the plaintiff, whose height, weight, and age did not match. One database incorrectly identified the plaintiff's race as white, but the officer found him in other databases that correctly noted his race as black. The database also indicated that the plaintiff had turned in his license plate tag some three years earlier. Nonetheless, the officer swore an affidavit identifying the plaintiff as the suspect based on witness statements, without including any inconsistent information. *Id.* at 624–26. The Fourth Circuit concluded that "it was clearly established that a police officer could not lawfully make intentionally or recklessly false material statements or omissions in order to obtain a warrant." *Id.* at 632–33.

In another mistaken identity case, the Fourth Circuit summarized that "officers who mistakenly arrest the wrong person are immune from § 1983 liability unless they act in an objectively unreasonable manner in the circumstances, as for example, in failing to investigate readily available exculpatory evidence." *Brown v. Wiita*, 7 F. App'x 275, 279 (4th Cir. 2001) (unpublished). The Fourth Circuit has also emphasized that plausible allegations must be taken as true at the motion to dismiss stage, and factual disputes presented by a defendant cannot support dismissal. *Tobey v. Jones*, 706 F.3d 379 (4th Cir. 2013) (emphasizing the different postures of qualified immunity defenses presented on a motion to dismiss versus a motion for summary judgment). Further, evaluating reasonableness often requires factual development in discovery, and the existence of probable cause is likewise often an evidentiary issue requiring discovery. *Id.* at 389–92.

The Plaintiff has alleged that the Defendant, intentionally or with reckless disregard for the truth, made a false report that was unjustified under the circumstances at the time, leading to his indictment and arrest. The Court finds that those allegations sufficiently state a claim for unreasonable seizure under the Fourth and Fourteenth amendments of the United States constitution. Should the Plaintiff prove his allegations that the Defendant knowingly or recklessly used false information to obtain the indictment and arrest, the Defendant would not be entitled to qualified immunity. The Defendant's factual contentions cannot appropriately be considered in a motion to dismiss. Thus, the Court has not considered the Defendant's version of the facts regarding the mistaken identification of Kevin Lambert as the suspect, nor has the Court considered the Defendant's somewhat ironic contention that another officer was responsible for that mistaken identification and the Plaintiff has named the wrong Defendant. Accordingly, the Defendant's motion to dismiss Count One should be denied.

### B. Count Two – Intentional Infliction of Emotional Distress

The West Virginia Supreme Court has established the following elements for IIED claims:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. pt. 3, *Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 421 (W. Va. 1998) (reaffirmed in *Hatfield v. Health Mgmt. Associates of W. Virginia*, 672 S.E.2d 395, 404 (W. Va. 2008).

Courts have struggled to determine whether conduct may reasonably be considered outrageous. *Courtney v. Courtney*, 413 S.E.2d 418, 422 (W. Va. 1991) (reviewing several cases considering the question). Plaintiffs must make a showing that "the defendant's actions toward the plaintiff were atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency" and be viewed as intolerable in a civilized society. *Travis*, 504 S.E.2d at 425. "[C]onduct that is merely annoying, harmful of one's rights or expectations, uncivil, mean-spirited, or negligent does not constitute outrageous conduct. On the other hand, outrageous conduct can include physical violence that causes bodily harm and emotional distress." *Courtney*, 413 S.E.2d at 423–424 (internal citations removed).

The Court finds that the Plaintiff has not pled facts sufficient to support an intentional infliction of emotional distress claim. He alleges that he was indicted and charged based on false information. He borrowed money to pay his bond, and remained free, though under significant stress, for the more than four months until the charges were dismissed. There are no allegations suggesting that the Defendant's actions were so extreme and outrageous as to exceed the bounds of decency, nor are there allegations that, if proven, would show that the Plaintiff's emotional distress was so severe that no person could be expected to endure it. Therefore, the Defendant's motion to dismiss should be granted as to Count Two.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant R.E. Hall's Motion to Dismiss Plaintiff's Complaint in Lieu of Answer* (Document 4) be **DENIED** as to Count One and **GRANTED** as to Count Two. The Court **ORDERS** that Count Two of the Plaintiff's complaint be **DISMISSED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 5, 2017

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA